UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-23953-CIV-OTAZO-REYES

CONSENT CASE

CHARISA WHITE,

     *Pro se* Plaintiff,

v.

REAL ESTATE ENTERPRISES, INC.,
and JEFFREY M. COHEN,

     Defendants.

_____/

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Defendants Real Estate Enterprises, Inc. ("REE") and Jeffrey M. Cohen's ("Cohen") (together, "Defendants") Motion for Summary Judgment [D.E. 47]. For the reasons stated below, the Court GRANTS Defendants' Motion for Summary Judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Charisa White ("Plaintiff" or "White") brings claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.110 ("FMWA"), alleging as follows:

> ➢ In September 2015, REE hired White as an assistant.
>
> ➢ Defendants failed to pay White the full and proper minimum wage for each hour worked during her employment.
>
> ➢ Defendants failed to pay White the full and proper overtime wage for each hour worked over 40 hours a week.

See First Am. Compl. [D.E. 9 at 2].

Defendants brought a counterclaim for conversion against Plaintiff, alleging as follows:

➢ White used REE's Office Deport credit card to purchase items for her personal use without authorization.

➢ On October 3, 2015, Cohen noticed an unauthorized charge to his Office Depot credit card in the amount of $246.09. Subsequently, Cohen received an email from Office Depot warning him of another fraudulent purchase in the amount of $747.92.

➢ The items that White purchased with the Office Depot credit card belonged to Defendants.

➢ Defendants demanded return of the stolen items, but White did not meet the demand.

See Defendants' Answer, Affirmative Defense, and Countercl. [D.E. 23].

On June 3, 2016, Defendants moved for summary judgment on the FLSA, FMWA, and conversion claims, arguing that the undisputed facts establish that:

(1)     Defendants paid Plaintiff more than minimum wage for the hours she worked.

(2)     Plaintiff did not work overtime.

(3)     Plaintiff failed to comply with the FMWA pre-suit requirements.

(4)     Plaintiff used Defendants' company credit card to purchase items for herself without authorization.

See Motion for Summary Judgment [D.E. 47].

Plaintiff failed to respond to the Motion for Summary Judgment by the June 20, 2016 deadline. On July 26, 2016, the Court issued an Order to Show Cause directing Plaintiff to show cause why Defendants' Motion for Summary Judgment should not be granted or in the alternative, file a response in opposition to the Motion for Summary Judgment by August 10, 2016 [D.E. 65]. Plaintiff did not respond to the Order to Show Cause. On August 26, 2016, Defendants filed a Motion for Entry of Final Summary Judgment [D.E. 66].

As more fully discussed below, the undersigned finds that Plaintiff has failed to carry her burden in opposition to the Motion for Summary Judgment. Therefore, Defendants are entitled to the entry of a judgment of non-liability with respect to Plaintiff's FLSA and FMWA claims and to a judgment in their favor with respect to Defendants' conversion claim.

## APPLICABLE LAW

I.    Summary Judgment

Under Federal Rules of Civil Procedure 56 (hereafter, "Rule 56"), "[i]f a party . . . fails to property address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e); Madiedo v. Gerhardt, No. 10-81173-CIV, 2011 WL 2789302, at *2 (S.D. Fla. July 15, 2011). "Pursuant to Rule 56(e), the [c]ourt is permitted to consider facts cited with support by a movant but left uncontroverted by the nonmovant as undisputed for purposes of ruling on a summary judgment motion." Mendez-Gonzalez v. Rodriguez Grp. Home, Inc., No. 12-21176-CIV, 2012 WL 2930966, at *1 n.1 (S.D. Fla. July 18, 2012) (finding no genuine issue of material fact and granting summary judgment for the movant where opposing party did not file a response to the motion for summary judgment).

Further, Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

II.     FLSA Claims

    *(1) Minimum Wage Claim*

The FLSA requires every employer "pay to each of his employees who in any workweek . . . is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages . . . not less than . . . $7.25 an hour. . . ." 29 U.S.C. § 206.  "The effective hourly rate for determining minimum wage violations is calculated by dividing the amount of compensation paid during a workweek by the total number of hours the employee worked during that workweek." Del Rosario v. Labor Ready Se., Inc., 124 F. Supp. 3d 1300, 1311 (S.D. Fla. 2015) (citation omitted).  "An employee who brings a lawsuit under the FLSA for unpaid minimum wages . . . and liquidated damages bears the initial burden of proving that she performed the work for which she was not properly compensated." Id. at 1311 (citing Perez v. Palermo Seafood, Inc., 548 F. Supp. 2d 1340, 1346 (S.D. Fla. 2008)).

    *(2) Overtime Wage Claim*

Under the FLSA, an employer must compensate employees for hours worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); Walters v. Am. Coach Lines of Miami, Inc., 569 F. Supp. 2d 1270, 1280 (S.D. Fla. 2008).  Plaintiffs claiming violations of the FLSA overtime provision "must prove that they were suffered or permitted to work without compensation." Del Rosario, 124 F. Supp. 3d at 1305-06 (citing Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1314 (11th Cir. 2007)).  "Courts have interpreted this to mean that a FLSA plaintiff must demonstrate that (1) he or she worked overtime without compensation and (2) the [defendant] knew or should have known of the overtime work." Id. (quoting Allen, 495 F.3d at 1314-15).

III.   FMWA Claim

Under the FMWA, employers must pay employees a Florida minimum wage. Fla. Stat. § 448.110(3).  The Florida minimum wage for 2015 was $8.05 per hour.[1]  To prevail on a FMWA claim, a plaintiff must show that he or she was "compensated at an effective hourly rate below the Florida minimum wage rate. . . . "  Perez, 548 F. Supp. 2d at 1348.  Prior to bringing a claim, the FMWA requires that an employee provide written notice to an employer of his or her intent to sue that employer.  Fla. Stat. § 448.110(6)(a); Alonso v. Ocean CC, LLC, No. 14-23869-CIV, 2015 WL 1549009, at *2-3 (S.D. Fla. Apr. 7, 2015).  As noted in Alonso, section 448.110(6) provides that:

> [P]rior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action.  The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

Alonso, 2015 WL 1549009, at *2-3 (citing Fla. Stat. § 448.110(6); Dominguez v. Design by Nature Corp., No. 08-20858-CIV, 2008 WL 4426721, at *1-2 (S.D. Fla. Sept. 25, 2008)).

IV.   Conversion Counterclaim

Under Florida law, conversion is defined as:

> [A]n act of dominion wrongfully asserted over another's property inconsistent with his ownership therein.  In essence, conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time.  It is the disseisin of the owner or an interference with legal rights which are incident to ownership, such as the right to possession.

---

[1]  See Notice to Employees, Minimum Wage in Florida, Fla. Dep't Econ. Opportunity, http://floridajobs.org/docs/default-source/2015-minimum-wage-increases/poster-fl_minwage2015.pdf (last visited Sept. 7, 2016).  Florida Statute Section 448.110(4) directs the Florida Department of Economic Opportunity to adjust the minimum wage rate for inflation annually and to publish the information on the Department's webpage. See Fla. Stat. § 448.110(4).

Special Purpose Accounts Receivable Co-op Corp. v. Prime One Capital Co., 125 F. Supp. 2d 1093, 1099 (S.D. Fla. 2000) (citing Burger King Corp. v. Austin, 805 F. Supp. 1007, 1012 (S.D. Fla. 1992)).

Florida courts have identified three elements to a conversion claim:  "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein." Gemb Lending, Inc. v. RV Sales of Broward, Inc., No. 09-61670-CIV, 2010 WL 3385343, at *6 (S.D. Fla. Aug. 25, 2010) (citing Special Purpose Accounts, 125 F. Supp. 2d at 1099-1100).  "To establish a claim for the conversion of money, there must exist a specific fund capable of separate identification." Special Purpose Accounts, 125 F. Supp. 2d at 1100.

## UNDISPUTED MATERIAL FACTS[2]

1. In September 2015, REE hired White as an Administrative Assistant.

2. White's job duties at REE included ordering specific office products using REE's company Office Depot credit card account.  White was only authorized to order specific products for use by the office and for the office.

3. On September 3, 10, 17, and 24, 2015, Defendants paid White $500.00 in wages for less than 40 hours of work in each of those weeks.

4. REE terminated White's employment on September 23, 2015.

5. On September 24, 2015, Defendants paid White an additional $500.00 in wages as a gesture of generosity.

6. While employed at REE, White used the Office Depot credit card to order sodas, chips, and other food products for personal use.  White did not reimburse REE for these items.[3]

---

[2] Because White did not controvert Defendants' facts, they are deemed undisputed.  See Mendez-Gonzalez, 2012 WL 2930966, at *1 n.1.
[3] There is no dollar value associated with the sodas, chips, and other food products.

7. On October 3, 2015, Cohen noticed an unauthorized charge to his Office Depot credit card in the amount of $246.09.

8. Subsequently, Cohen received an email from Office Depot warning him of another fraudulent purchase in the amount of $747.92.

9. Cohen contacted law enforcement, and White was arrested and charged with a third degree felony for grand theft.

10. After receiving Miranda warnings, White admitted to the police that she fraudulently used the Defendants' Office Depot credit card to purchase two computer tablets in the amount of $747.92 with the intention of pawning them.  White admitted to a total theft of $994.01.

## DISCUSSION

A. FLSA Claims

*(1) Minimum Wage Claim*

As discussed above, to succeed in her FLSA minimum wage claim, Plaintiff had to establish that she performed the work for which she was not properly compensated.  See Del Rosario, 124 F. Supp. 3d at 1311.  The undisputed material facts show that Plaintiff worked less than 40 hours a week and that REE paid Plaintiff $500.00 each week during her employment. See Decl. of Jeffery Cohen [D.E. 47-1 at 3].  Thus, Defendants paid Plaintiff an effective hourly rate of at least $12.50 per hour.  See Del Rosario, 124 F. Supp. 3d at 1311 ("The effective hourly rate for determining minimum wage violations is calculated by dividing the amount of compensation paid during a workweek by the total number of hours the employee worked during that workweek.").  This is higher than the federal minimum wage of $7.25 per hour.  29 U.S.C. §

206.  Therefore, Plaintiff has failed to show that REE paid her at a rate less than the minimum wage.  See Del Rosario, 124 F. Supp. 3d at 1311; Perez, 548 F. Supp. 2d at 1346.

*(2) Overtime Wage Claim*

To succeed in a claim to recover overtime pay under the FLSA, Plaintiff must establish that (1) she worked overtime without compensation and (2) the Defendants knew or should have known of the overtime work.  See Del Rosario, 124 F. Supp. 3d at 1306.  It is undisputed that Plaintiff worked less than 40 hours a week during her employment at REE.  Therefore, Plaintiff cannot prevail on her FLSA overtime wage claim.

B.  FMWA Claim

It is undisputed that Plaintiff did not meet the procedural requirements under Fla. Stat. § 448.110(6) because she failed to notify REE in writing of the alleged violation prior to filing a claim.  See Alonso, 2015 WL 1549009, at *2 ("Florida law requires that an employee provide written notice to an employer of his or her intent to sue that employer.").  Additionally, Defendants paid Plaintiff an effective hourly rate of $12.50 per hour.  This is higher than the Florida minimum hourly rate of $8.05 per hour.  Therefore, Plaintiff cannot prevail on her FMWA claim.

Based on the foregoing, Defendants are entitled to judgment as a matter of law on Plaintiff's FLSA and FMWA claims.  See Celotex Corp, 477 U.S. at 322.

C.  Conversion

The undisputed material facts establish that Plaintiff wrongfully asserted control over the Defendants' Office Depot credit card and made purchases in a manner inconsistent with the Defendants' ownership.  See Gemb Lending, 2010 WL 3385343, at *6.  It is undisputed that Plaintiff used Defendants' credit card to purchase items worth $994.01.  See Special Purpose

8

Accounts, 125 F. Supp. 2d at 1100 ("To establish a claim for the conversion of money, there must exist a specific fund capable of identification."). Therefore, Defendants are entitled to judgment as a matter of law on their conversation claim. See Madiedo, 2011 WL 2789302, at *2; Gemb Lending, 2010 WL 3385343, at *6.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment [D.E. 47] is GRANTED. In accordance with Fed. R. Civ. P. 58, the Court will enter a separate Final Judgment in favor of Defendants and against Plaintiff as to the claims and the counterclaim in this action.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of September, 2016.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE


Copies furnished via CM/ECF to:

Counsel of Record

Copies furnished by mail to:

Charisa White
500 N.W. 2nd Ave. General Delivery
Miami, FL 33101